**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOSHUA J. DEVERICKS, | : | **CIV. NO. 18-13451 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| CAPE MAY (REGION) OFFICE OF THE PUBLIC DEFENDER, *et al.*, | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Joshua Devericks, a pretrial detainee confined at Cape May County Correctional Center in Cape May, New Jersey, brings this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), which establishes his eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915 and will be granted. Plaintiff's motion to appoint pro bono counsel (ECF No. 2), his supplement to his complaint (ECF No. 5), and his letter requesting change of jury demand (ECF No. 6) are also before the Court.[1]

---

[1] The Court will treat the Complaint as consisting of the documents filed in Docket Entry #1, Docket Entry #5 and Docket Entry #6. Plaintiff should be advised that any further attempts to amend the complaint must comply with Federal Rule of Civil Procedure 15. Specifically, an amended complaint shall completely supersede and

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering

---

replace the operative complaint. See New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996) ("the amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading'") (quoting Boelens v. Redman Homes, Inc., 759 F.2d 504 (5th Cir. 1985)). In other words, the Court will not accept letters purporting to amend the Complaint.

why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If

a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

Many of Plaintiff's allegations suggest injuries not only to himself but to all indigent criminal defendants.[2] Plaintiff, however, has not formally asserted claims on behalf of a class, and the Court will construe the Complaint to raise claims on Plaintiff's behalf only. See Hennessey v. Atlantic County Dept. of Public Safety, No. CIV.A. 06-143 (NLH), 2006 WL 2711510, at *4 (D.N.J. Sept. 18, 2006) ("courts have found that pro se plaintiffs generally cannot represent and protect the interests of the class fairly and adequately")(citations omitted)).

---

[2] See e.g. Compl., ECF No. 1 at 6:

> At trial, Plaintiff (Devericks) intends to show minimal probable cause hearings, minimal pre-trial motions, [zero] pre-trial investigation(s), no potential witness(es) are interviewed, [] And, Defendants are left to endure exceptionally filthy, and, extraordinarily overcrowded 3rd world condition(s) (which) by design, continues to forcibly extract guilty pleas.

4

Plaintiff names the following defendants to this action: Cape May Office of the Public Defender, Scott D. Sherwood, H. Parker Smith, S. David Meyer, Christina M. Naughton, Emily S. Bell[3] and Robert Moran. (Compl., ECF No. 1 at 8-9.) Plaintiff alleges Defendant Sherwood routinely assigns deficient attorneys to provide a criminal defense to indigent, educationally challenged and mentally challenged defendants. (Id. at 10, 11.)

Public Defender H. Parker Smith served as Plaintiff's criminal defense counsel until he was removed. (Compl., ECF No. 1 at 17.) According to Plaintiff, Smith's performance as his defense counsel was deficient in numerous ways, primarily because it was aimed at coercing and expediting a guilty plea.

J. David Meyers was appointed as pro bono counsel to represent Plaintiff after H. Parker Smith's representation ended. (Compl., ECF No. 1 at 20.) Plaintiff alleges Meyers' representation was also deficient and aimed at coercing a guilty plea. (Id. at 20-26.)

The Cape May Office of the Public Defender reassigned Plaintiff's defense to Pro Bono Attorney Christina M. Naughton. (Compl., ECF No. 1 at 27.) Plaintiff alleges Naughton

---

[3] The Court is unsure, because the Complaint is handwritten, whether the defendant's name is Emily "Ball" or Emily "Bell." For purposes of this Opinion, the Court will assume the defendant's name is Emily Bell.

5

misrepresented information concerning a second suppression motion, failed to perform an independent investigation and denied Plaintiff's many demands on how to litigate his defense. (Compl., ECF No. 1 at 28-35.)

The only allegation in the Complaint specific to Emily S. Bell is that she was "assigned (pro-bono) attorney-by the Atlantic (Region) Office of the Public Defender." (Id. at 9.) The sole allegation against Robert Moran is "Department Head-Deputy Public Defender, Atlantic (Region) Office of the Public Defender." (Id.)

In his supplement to the Complaint, Plaintiff alleged he sustained an injury from the conspiracy to deprive him of a defense because he lived in filthy conditions as a pretrial detainee, which was by defendants' design to coerce him to plead guilty. (Compl., ECF No. 5 at 1-2.) He further alleged violation of the Interstate Agreement on Detainers, and that he did not receive work credits from Virginia State Prison. (Compl. ECF No. 5 at 2.) Finally, Plaintiff alleged Pro Bono Attorney Naughton conspired with "the opposition" to withhold exculpatory DNA and fingerprint testing results from Plaintiff to make him believe the State never tested the firearms in question.

For relief, Plaintiff seeks money damages, termination of the defendants' licenses to practice law; termination of the

defendants' employment by the State, county or municipality; and other unspecified injunctive relief. (Compl., ECF No. 1 at 67.)

B. <u>Ineffective Assistance of Counsel Claims Under 42 U.S.C. § 1983</u>

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

The Sixth Amendment right to counsel in a criminal action is "'the right to the effective assistance of counsel.'" <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771, n. 14 (1970)). "The proper measure

7

of attorney performance remains simply reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. "There are countless ways to provide effective assistance in any given case." Id. at 689.

"Criminal defense attorneys, including public defenders, do not act "under color of state law" and are not liable under section 1983 when performing traditional functions as defense counsel." Nelson v. Dauphin Cty. Pub. Def., 381 F. App'x 127, 128 (3d Cir. 2010) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)); Newton v. City of Wilmington, 676 F. App'x 106, 108 (3d Cir. 2017). The Court will dismiss with prejudice the Sixth Amendment claims under § 1983 against Scott D. Sherwood, H. Parker Smith, S. David Meyers, Christina M. Naughton, Emily S. Bell and Robert Moran.

Plaintiff further alleges "[t]he Cape May Office of the Public Defender has consistently provided false representation by parties trained (in forcibly extracting guilty pleas) I.E. no pretrial work product." (Compl., ECF No. 1 at 4.) This and other allegations against appear to be an attempt to hold the Office of the Public Defender accountable for the actions of its employees. There is no respondeat superior liability under Section 1983. Id. at 128 (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583 (3d Cir. 2003) (governmental entities cannot be "held responsible

8

for the acts of its employees under a theory of respondent superior or vicarious liability.") The Court will dismiss the Sixth Amendment claims under § 1983 against the Cape May Office of the Public Defender without prejudice.

    C.    <u>Conspiracy Claims under 42 U.S.C. §§ 1983, 1985(3)</u>

To state a § 1983 conspiracy claim involving a party who is not a state actor under § 1983, like the public defenders and criminal defense attorneys in this action, a plaintiff must allege that a state actor(s) reached an understanding with a private party defendant to deny the plaintiff his rights under § 1983. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 185 (3d Cir. 1993); <u>Limehouse v. Delaware</u>, 144 F. App'x 921, 923 (3d Cir. 2005) (per curiam). "Establishing the existence of this 'understanding,' however, is really nothing more than another way to show state action as required by § 1983 when a private party is alleged to have violated that statute." <u>Kost</u>, 1 F.3d at 185. "[D]efense counsel may be sued under § 1983 if he conspires with a state actor, irrespective of whether the co-conspiratorial state actor is himself immune from suit." <u>Durham v. City & Cty. of Erie</u>, 171 F. App'x 412, 415 (3d Cir. 2006) (per curiam) (citing <u>Tower v. Glover</u>, 467 U.S. 914, 916 (1984); <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-28 (1980)).

The Court also construes the Complaint to raise a conspiracy claim under 42 U.S.C. § 1985(3), Conspiracy to interfere with civil rights. This provision states, in relevant part:

> (3) Depriving persons of rights or privileges
>
> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To bring a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (citing United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)).

Section 1985(3) "requires the 'intent to deprive of equal protection, or equal privileges and immunities[.]'" Id. at 135 (quoting Griffin, 403 U.S. at 102). Therefore, "a claimant must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" in order to state a claim.'" Id. "[A] plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." Id. (citing Aulson v. Blanchard, 83 F.3d 1, 4-5 (1st Cir. 1996)).

Here, Plaintiff alleges that the actions of the defendants

> can only be described (as) a multi-tiered conspiracy being intentionally carried out to fraudulently generate mass convictions (by way of) illicit sub-standard and/or procedurally (forbidden} actions (and/or inactions) which without question, contradict, defy (and/or violate) well established "Due Process" Guarantee(s), "Rules of the Court," "Rules of Evidence," "Rules of Professional Conduct" and/or "Codes of Judicial Conduct." All being harmoniously exacted with a sole common denominator of satisfying (open criminal matter(s)), by way of preferred guilty pleas whether or not the state[']s procedurally defective (and/or) deficient proof(s) are

11

> compatible with initial allegation(s) (as set
> forth)

(Compl., ECF No. 1 at 7) (ellipses, underlining and capitalization omitted.) Plaintiff also alleges that

> parties employed by the Cape May (Region)
> Office of the Public Defender and/or assigned
> pro bono attornies [sic]) routinely conspire
> with prosecuting attornies [sic], as a means
> of repeatedly coercing defendant(s) into
> accepting (supposed) plea offers, which, more
> often than not, are not compatible with the
> charging schematics (at issue) and/or a
> defendant[']s prior criminal history or a lack
> thereof.

(Compl., ECF No. 1 at 40) (ellipses, underlining and capitalization omitted.)

Plaintiff's complaint contains only legal conclusions that a conspiracy existed. See Durham, 171 F. App'x at 415 (plaintiff failed to allege any conversation or conduct that would establish a conspiracy). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678.

Furthermore, Plaintiff does not allege facts suggesting a conspiracy that was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious, as required under § 1985(3). Plaintiff alleges a conspiracy to force all indigent criminal defendants to plead guilty without testing the merits of the

State's case. The Court will dismiss the § 1985(3) conspiracy claims without prejudice because Plaintiff does not allege the defendants conspired with the prosecutor(s) to coerce him to plead guilty, motivated by discriminatory animus against him as a member of an identifiable class.

Although Plaintiff may amend the claims that are dismissed without prejudice, he should be aware that if his allegations necessarily imply the invalidity of his conviction(s), for example if he alleges that he was coerced into pleading guilty and his convictions are invalid, his claims would be barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Newton, 676 F. App'x at 108 (noting Heck would bar claims that guilty pleas were invalid because they were obtained through fraud and threats). Prior to bringing a civil action based on claims that would impugn the validity of a criminal conviction, a plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487.

    D.    Motion to Appoint Pro Bono Counsel

A district court has authority to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), which

provides: "[t]he court may request an attorney to represent any person unable to afford counsel." There is no statutory right to appointed counsel. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Before a court may exercise its discretion to appoint counsel, it must first determine that Plaintiff's claim(s) has some merit in fact and law. Id. at 155.

Because the Court has determined that the Complaint fails to state a claim, the Court will deny without prejudice Plaintiff's motion for appointment of counsel, pursuant to 28 U.S.C. § 1915(e)(1).

III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application, but dismisses with prejudice the Sixth Amendment claims under § 1983 against Scott D. Sherwood, H. Parker Smith, S. David Meyer, Christina M. Naughton, Emily S. Bell and Robert Moran, dismisses without prejudice the Sixth Amendment claims under § 1983 against Cape May Office of the Public Defender, and dismisses the § 1983 and § 1985(3) conspiracy claims against all defendants without prejudice.

An appropriate order follows.

Date: January 2, 2019

                                   s/Renée Marie Bumb
                                   **RENÉE MARIE BUMB**
                                   **United States District Judge**